UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61369-WILLIAMS/VALLE

TRUGON PROPERTIES, INC.,

    Plaintiff,

v.

AMERICAN FIRST FEDERAL, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's Motion for Attorneys' Fees (the "Motion") (ECF No. 34). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 35). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 36), and Defendant's Reply (ECF No. 39), and being otherwise duly advised in the premises, the undersigned recommends that the Motion be **DENIED** for the reasons discussed below.

### I.  BACKGROUND

Plaintiff filed its Complaint seeking declaratory relief and monetary damages for unjust enrichment as a result of payments Plaintiff made to Defendant upon a final judgment of foreclosure entered in Florida state court against Plaintiff and in favor of Defendant. *See* (ECF Nos. 1, 33). Relevant to the instant Motion, on November 12, 2020, the District Judge dismissed the case with prejudice for lack of federal subject matter jurisdiction based on application of the

*Rooker-Feldman* doctrine.[1]  (ECF No. 33 at 3-5).  In so doing, the District Court noted that "Plaintiff's case is in essence a collateral attack on a final state-court judgment against it, and the Court lacks jurisdiction to adjudicate this case." *Id*. at 4.  Thus, the Court concluded:

> Because the Court finds that Plaintiff is seeking relief from a state-court judgment, the Court lacks jurisdiction.  Consequently, further inquiry must end.  *See, e.g.*, *Lewis v. Owner of Popeyes Chicken Louisiana Kitchen*, 2017 W.L. 4278511, at *1 (S.D. Fla. June 1, 2017) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999) ("Once a federal court determines it lacks subject matter jurisdiction over a case, the court is powerless to continue.").

*Id.* at 4-5.  The instant Motion followed.  (ECF. No. 34).

In the Motion, Defendant seeks an award of $30,459.50 in attorney's fees and $51.50 in costs, pursuant to Fed. Rule Civ. P. 54(d).  *Id.* at 2, 4, 9.  According to Defendant, by virtue of the Court's dismissal with prejudice, Defendant is the prevailing party in this action.  *Id.* at 3.  Moreover, Defendant asserts that the Promissory Note and the Mortgage and Assignment of Rents executed by Plaintiff provide the necessary contractual basis for Defendant's recovery of fees and costs.  *Id.* 3-4, 5-8; *see also* (ECF No. 34-1) (Promissory Note); (ECF Nos. 34-2, 34-3) (Mortgage and Assignment of Rents; Assignment of Mortgage and Other Recorded Documents).  Lastly, Defendant argues that the requested fees and costs are reasonable.  (ECF No. 34 at 8).

In response, Plaintiff raises two arguments.  First, Plaintiff argues that Defendant is not the prevailing party in the litigation because the Court's dismissal was premised "*on jurisdictional grounds only*," meaning that Defendant did not succeed on any substantive issue in the litigation, did not obtain a change in the parties' relationship, and did not obtain any relief on the merits of

---

[1] In the Dismissal Order, the District Judge explained that "[t]he *Rooker-Feldman* doctrine delineates the rule that district courts may not review final state-court judgements or claims that are 'inextricably intertwined' with state judgments." (ECF No. 33 at 3).  Unless a rare exception applies, "[f]ederal review of state-court judgments may only occur in the United States Supreme Court." *Id.* at 2-3, 4 n.2.

Plaintiff's Complaint. (ECF No. 36 at 2, 6-7) (emphasis in original). Second, Plaintiff asserts that the contractual fee provisions on which Defendant relies are inapplicable to the instant action. *Id.* at 3-5.

## II.     DISCUSSION

The determinative issue in this case is whether Defendant is the "prevailing party." For the reasons discussed below, the undersigned finds that Defendant is not the prevailing party, which is a prerequisite to awarding fees and costs. Furthermore, having found that Defendant is not the prevailing party, the undersigned need not address whether the contractual provisions cited by Defendant apply or the reasonableness of he claimed fees.

Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez,* 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract).

Plaintiff's Complaint was grounded upon diversity jurisdiction. *See* (ECF No. 1). "Federal courts sitting in diversity jurisdiction ordinarily apply the law of the forum state when deciding entitlement to attorneys' fees." *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1189 (S.D. Fla. 2019) (citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001)). Accordingly, the instant dispute is governed by Florida law. Under Florida law, a prevailing party is the one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Moritz v. Hoyt Enterprises*, 604 So. 2d 807, 809-10 (Fla. 1992). This standard looks for: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties."

3

*Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 603, 605 (2001)) (internal quotation marks omitted). Lastly, Florida courts "have routinely followed the same principles [that] absent an express statutory provision to the contrary, a party is considered to be 'prevailing' only at the point where 'there must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed.'" *Ffrench*, 418 F. Supp. 3d at 1190.

Here, the District Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[2] (ECF No. 33); *see Johnson v. Brock,* No. 20-CV-14088, 2021 WL 3028765 (11th Cir. July 19, 2021) (holding that the *Rooker-Feldman* doctrine deprives federal district courts and courts of appeals of jurisdiction to review final state-court judgments). As the District Judge's dismissal order made clear, the only issue the Court decided was whether it had jurisdiction to hear Plaintiff's suit at all; it did not review or determine the merits of Plaintiff's claims. Accordingly, there has been no adjudication on the merits, no change in the legal positions of the parties, and Plaintiff remains free to refile the underlying suit

---

[2] The District Court's dismissal of the underlying Complaint *with prejudice* does not change the undersigned's analysis. *Cf. Stuart v. Ryan*, 818 F. App'x 858 (11th Cir. 2020) (concluding "that the district court erred in dismissing [the complaint] with prejudice because dismissal without prejudice is the appropriate remedy when a district court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine.); *see also VanderKodde v. Mary Jane Elliott, P.C.*, No. 17-CV-203, 2019 WL 687886, at *1 (W.D. Mich. Jan. 24, 2019), *rev'd and remanded on other grounds sub nom. VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020) (holding that dismissal must be without prejudice, because claims were "subject to *Rooker-Feldman*, [and thus] the district court lack[ed] subject-matter jurisdiction over those claims") (citing *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45 (1st Cir. 2003)); *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006)) (modifying judgment of the district court to reflect that dismissal of the claims under the *Rooker-Feldman* doctrine must be without prejudice.).

in state court.[3] (ECF Nos. 36 at 2, 7, 39 at 2-3). Under these circumstances, neither party can be said to have prevailed. *Interim Healthcare Inc v. Suncoast Loving Care*, No. 18-CV-60766, 2018 WL 6620314, at *3 (S.D. Fla. Nov. 28, 2018), *report and recommendation adopted,* No. 18-CV-60766, 2018 WL 6978625 (S.D. Fla. Dec. 28, 2018) ("Ample authority supports the proposition that dismissals for lack of subject matter jurisdiction do not alter the legal relationship of the parties.") (collecting federal and Florida case law).

In reaching this conclusion, the undersigned rejects Defendant's argument that it can be considered the prevailing party although the dismissal is based on lack of jurisdiction. *See, e.g.,* (ECF No. 39 at 4-6) (citing *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th DCA 2011); *Valcarcel v. Chase Bank USA NA*, 54 So. 3d 989, 990 (Fla. 4th DCA 2010); *Stout Jewelers, Inc. v. Corson*, 639 So. 2d 82, 84 (Fla. 2nd DCA 1994)). But the cases cited by Defendant are legally and factually distinguishable. In *Valcarcel*, for example, the court dismissed plaintiff's foreclosure action against defendant-mortgagor without prejudice as a *sanction* for counsel's misconduct, not for lack of subject matter jurisdiction. *Valcarcel*, 54 So. 3d at 990. In *Stout,* a landlord-tenant dispute, the court dismissed the entire case (claims and counterclaims) for failure to prosecute and awarded attorney's fees to the tenant-defendant/counter-claimant. *Stout,* 639 So. 2d 82. The court's fee award, however, was based on the application of Fla. R. Civ. P. 1.420(d)

---

[3] The undersigned's conclusion is also guided by the Seventh's Circuit's reasoning in *Frederiksen v. City of Lockport*, 384 F. 3d 437 (7th Cir. 2004). In *Frederiksen*, the Seventh Circuit recognized the seemingly inconsistent approaches taken by courts granting dismissals for lack of subject matter jurisdiction, some being entered with and others without prejudice. In discussing the divergent results, the Seventh Circuit explained that a dismissal for lack of subject jurisdiction based on the *Rooker-Feldman* doctrine (whether with or without prejudice) is conclusive only on the issue of federal jurisdiction, and "does not block litigation in a different judicial system [i.e., a state court] that does have jurisdiction." *Id.* at 438-39 (concluding that dismissal pursuant to *Rooker-Feldman* should be without prejudice).

to circumstances where "a defendant . . . has filed a counter-claim in a contract action, in which it then obtains an involuntary dismissal of the entire action for failure to prosecute . . . ." *Id.* at 83. That is simply not the case here. Lastly, in *Nudel*, plaintiff-bank brought a foreclosure action against defendant-mortgagor. *Nudel*, 60 So. 3d at 1164. The court dismissed plaintiff-bank's case for lack of standing and awarded defendant-mortgagor attorney's fees as the prevailing party, pursuant to Fla. Stat. § 57.106(7). The instant case, however, is neither a foreclosure action nor was the dismissal based on Plaintiff's lack of standing. *See also Spartan Holdco, LLC v. Cheeburger Cheeburger Restaurants, Inc.*, No. 10-CV-91-FTM-36DNF, 2011 WL 6024487, at *3 (M.D. Fla. Nov. 18, 2011), *report and recommendation adopted,* No. 10-CV-91-FTM-36DNF, 2011 WL 6024417 (M.D. Fla. Dec. 5, 2011) (distinguishing federal dismissal without prejudice for lack of subject matter jurisdiction from *Nudel*).

Accordingly, the undersigned concludes that Defendant is not the prevailing party because the dismissal was not on the merits of the action, but was based solely on lack of subject matter jurisdiction. *See, e.g., Ffrench,* 418 F. Supp. 3d at 1187. Such a dismissal changes nothing between the parties, and the *status quo* remains: (i) Plaintiff remains free to refile its action in state-court; (ii) neither party has obtained relief on the merits of the claim; and (iii) there has been no "*judicial imprimatur*" on the change in the legal relationship between the parties. *Interim Healthcare Inc.,* 2018 WL 6620314, at *3; *see also [M]atter of Blue Crest Holding Asset, Inc.*, No. 17-CV-21011, 2017 WL 6949267, at *5 (S.D. Fla. Nov. 6, 2017) (holding that plaintiff was not prevailing party under federal or Florida law because "the dismissal was on procedural grounds," specifically "lack of ripeness, a justiciability principle"). Because Defendant is not the prevailing party, the undersigned recommends that the Motion for fees and costs be denied.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion (ECF No. 34) be **DENIED WITHOUT PREJUDICE**.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND ORDERED at Chambers, in Fort Lauderdale, Florida, on August 9, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Kathleen Williams
    All Counsel